IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMES EUGENE PHELPS                                                                           PLAINTIFF

v.                                    Civil No. 1:25-cv-01010-BAB

JAIL ADMINISTRATOR CAMERON OWENS
(Ouachita County Detention Center);
SHERIFF JONATHAN TUBBS (OCDC);
OFFICER PAYTON POTTER (Camden Police
Department)                                                                                   DEFENDANTS

## ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Currently before the Court is Plaintiff's Motion for Restraining Order. (ECF No. 14).

Plaintiff filed his Initial Complaint on February 6, 2025. (ECF No. 1). He filed an Amended Complaint on February 18, 2025. (ECF No. 8). Plaintiff's Amended Complaint alleges the denial of various hygiene products over an extended period of time. (*Id.*). Plaintiff filed his Motion for Restraining Order on March 18, 2025. (ECF No. 14). In his Motion for Restraining Order, he alleges that he is being charged repeatedly in order to refill his prescription medication, and every time he files a grievance about the issue, he gets another medical charge on his account in retaliation for him filing a grievance. (*Id.*).

"Although plaintiff generally has the prerogative of joining multiple defendants or bringing separate actions, there are limitations on this right." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1657 (3d ed. 1998 & Supp. 2021). Rule 20(a)(2) of the Federal Rules of Civil Procedure provides:

Persons ... may be joined in one action as defendants if:

1

>   (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>   (B) any question of law or fact common to all defendants will arise in the action.

In this case, the Plaintiff's claims in his Motion are not based on the same occurrence or a series of related occurrences as his Amended Complaint. Instead, he has raised new claims that should properly be brought in a separate case. Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. However, the Court may at any time drop parties or sever any claim against a party. *Id.* "'[S]everance under Rule 21 creates two separate actions where previously there was but one.'" *Reinholdson v. Minnesota*, 346 F.3d 847, 850 (8th Cir. 2003) (quoting *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983)).

**Accordingly, Plaintiff's Motion for Restraining Order (ECF No. 14) is DENIED. The Clerk is directed to:**

  (1)   Sever Plaintiff's claim for First Amendment retaliation against Defendants in this case and open a separate lawsuit in Plaintiff's name listing these individuals as Defendants;

  (2)   File a copy of Plaintiff's Motion for Restraining Order in the severed case;

  (3)   File a copy of this Order in the severed case; and

  (4)   Send Plaintiff an IFP application in the severed case.

**Plaintiff is directed to file an Amended Complaint in the new case using the court-approved Complaint form and asserting only his claims concerning his prescription medication refills.**

**The Clerk is directed to mail** to Plaintiff a court-approved § 1983 complaint form for each of the cases. **The completed IFP application and the Amended Complaint should be**

**filed no later than April 18, 2025.**

In the Amended Complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); Fed. R. Civ. P. 8. Plaintiff must repeat this process for each person he has named as a Defendant.

Plaintiff is **CAUTIONED** that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. If he fails to do, the allegations against that Defendant will be dismissed for failure to state a claim. Plaintiff is further **CAUTIONED** that he must follow the directions on the court-approved § Complaint form. For example, this means he may add only one additional sheet of paper for each claim.

The Plaintiff must clearly designate on the face of the document that it is an Amended Complaint. The Amended Complaint must be retyped or rewritten in its entirety on the court-approved form. Plaintiff **may not incorporate any part of any prior Complaint**. An Amended Complaint supersedes, or takes the place of, any prior Complaint. After amendment, the Court will treat all prior Complaints as non-existent. Any cause of action that was raised in any prior Complaint is waived if it is not raised in the Amended Complaint.

**This case shall be subject to dismissal if Plaintiff fails to return the IFP application and the Amended Complaint to the Court by the April 18, 2025, deadline.**

Finally, Plaintiff is advised that he is required to immediately inform the Court of any change of address. **If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new**

**address.** Plaintiff shall submit a change of address on a separate piece of paper entitled "Notice to the Court of Change of Address" and not include any motions or otherwise request relief in this document. The notice shall contain only information pertaining to the address change. **Failure to inform the Court of an address change shall result in the dismissal of this case.**

IT IS SO ORDERED this 25th day of March 2025.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE